UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREG P. GIVENS,

    **Plaintiff,**

  v.                                        **Civil Action 2:25-cv-593**
                                                **Judge Michael H. Watson**
JOHN D. LONGWELL, *et al.*,        **Magistrate Judge Chelsey M. Vascura**

    **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiff, Greg P. Givens, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim on which relief can be granted and for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2). As a result, it is further **RECOMMENDED** that Defendants' Motion to Dismiss (ECF No. 3) and Plaintiff's Motion for Protective Order (ECF No. 2) be **DENIED AS MOOT**.

It is further **RECOMMENDED** that Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (ECF No. 4) be **GRANTED IN PART and DENIED IN PART**.

## I. INITIAL SCREEN

### A. Standard of Review

#### 1. Failure to State a Claim

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion

of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient

treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**2.     Lack of Subject-Matter Jurisdiction**

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

**B.     Analysis**

Plaintiff's Complaint centers on a parcel of real property formerly owned by his grandfather, Joseph V. Givens, and located on Highland Avenue, Shadyside, Ohio. The property was sold to Defendant John D. Longwell at a tax foreclosure sale, and the sale was confirmed by the Belmont County Court of Common Pleas on June 15, 2022. (*See* Belmont County Docket, Case No. 21 TF 004.) Plaintiff alleges that Defendant Longwell and his attorney, Defendant Bradley A. Powell, conspired to deprive Plaintiff of the real property and several million dollars' worth of personal property also located there, constituting violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964, mail fraud under 18 U.S.C. § 1341, and grand

larceny. Plaintiff further asserts claims under the National Historic Preservation Act, 54 U.S.C. § 300101, *et seq.*, and the False Claims Act, 31 U.S.C. § 3729, *et seq.* (Compl., ECF No. 1-2.)

Although Plaintiff's Complaint lacks clarity, it seems that the crux of his allegations is that Defendants fraudulently obtained the Highland Avenue property in violation of Plaintiff's rights. But the tax foreclosure sale of the property was approved by the Belmont County Court of Common Pleas. This means that any action in federal court seeking to vitiate that approval would be barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548 (cleaned up). Because Plaintiff's injury stems from the tax foreclosure sale, which was approved by a state court, this Court lacks jurisdiction over Plaintiff's claims.

But even if this action were not barred by *Rooker-Feldman*, Plaintiff's allegations are largely conclusory. As to his claims under RICO, the federal mail fraud statute, and the False Claims Act, Plaintiff does not explain how Defendants' actions in purchasing the property at a

tax foreclosure sale violated any of Plaintiff's rights. Plaintiff alleges only that Defendants made unspecified false statements concerning the property that resulted in harm to Plaintiff. Plaintiff does not identify the statements themselves or explain why they are false. These allegations are precisely the kind of "naked assertion devoid of further factual enhancement" that do not suffice under *Iqbal*. *See* 556 U.S. at 678. Plaintiff's RICO, mail fraud, and False Claims Act claims must therefore be dismissed.

Plaintiff's claims under the National Historic Preservation Act also fail. Plaintiff alleges that Defendants "intentionally misrepresented the historical designation" of the property, "causing damage to a protected historic site." (Compl. 6, ECF No. 1-2.) But Plaintiff's Complaint further alleges that "the subject property . . . *qualifies* for federal historic preservation protections" and that "[t]he property *should be considered* for inclusion in the National Register of Historic Places . . . ." (*Id.* at 7) (emphasis added). Plaintiff's allegations, therefore, make it clear that the property has *not*, in fact, been designated as a historic property under the National Historic Preservation Act. As a result, Defendants' representations to that effect were not false and could not have resulted in harm to a protected historic site. Any claims under the National Historic Preservation Act must therefore be dismissed.

Finally, Plaintiff does not specify the authority for his "grand larceny" claim, but regardless of its source, this claim also fails. None of the federal embezzlement and theft offenses enumerated in 18 U.S.C. Chapter 31 would apply to Plaintiff's allegations, because those statutes do not govern theft of private property. Even they did, they would not provide Plaintiff with a private right of action to enforce them. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (criminal statutes do not generally create private causes of action).

6

To the extent that Plaintiff advances a claim for civil theft, or conversion, that claim would be governed by state law. *See*, *e.g.*, *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 665 (6th Cir. 2024) (characterizing conversion as a state-law claim); Ohio Rev. Code § 2307.60 (state statute creating damages remedy for theft victims). But this Court lacks original jurisdiction over state-law claims unless Plaintiff establishes the parties are citizens of different states. *See* 28 U.S.C. § 1332(a). Plaintiff's Complaint identifies all parties as residents of Ohio; thus, he cannot rely on diversity jurisdiction to maintain these claims in federal court. And because the undersigned recommends dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state-law claims. *See Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.").

Because the undersigned recommends dismissal of Plaintiff's Complaint in its entirety under 28 U.S.C. § 1915(e)(2), the undersigned further recommends that Defendants' Motion to Dismiss (ECF No. 3) and Plaintiff's Motion for Protective Order (ECF No. 2) be **DENIED AS MOOT**.

## II. MOTION FOR SANCTIONS

In addition to dismissal of the case, Defendants move for an award of sanctions against Plaintiff under Federal Rule of Civil Procedure 11. (ECF No. 4.) Specifically, Defendants request an order deeming Plaintiff to be a vexatious litigator (such that Plaintiff must either "have a licensed attorney in the federal jurisdiction where he intends to file a lawsuit to sign off on any pleading filed on his behalf and/or to file a Motion for Leave to Proceed before he is permitted to file any pleading in federal court") and for an award of attorney's fees.

This is the second lawsuit that Plaintiff has filed in this Court against Defendant Longwell relating to the Highland Avenue property (*see* Case No. 2:22-cv-3221). The prior suit in this court was dismissed for failure to state a claim. (*See* ECF No. 19.) Further, Plaintiff has sued Longwell six times in the Belmont County Court of Common Pleas (*see* Case Nos. 22 CV 206, 22 CV 207, 22 CV 208, 22 CV 241, 22 CV 242, 22 CV 243). All six of these Belmont County cases were dismissed for failure to prosecute, and all six dismissals were affirmed by the Court of Appeals of Ohio for the Seventh District (*see Givens v. Longwell*, 2023-Ohio-3330; *Givens v. Longwell*, 2023-Ohio-3379). Moreover, the Belmont County Court of Common Pleas deemed Plaintiff to be a vexatious litigator on July 20, 2023 under Ohio Rev. Code § 2323.52. (*See* Case No. 22 CV 356.) That vexatious litigator designation was also affirmed by the Seventh District Court of Appeals on April 3, 2024. (*See* Case No. 23 BE 0036.)

"Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, No. 2:17-cv-103, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 20, 2017) (quoting *Johnson v. Univ. Housing*, No. 2:06-cv-628, 2007 WL 4303728, at * 12 (S.D. Ohio, Dec. 10, 2007) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986))). The Sixth Circuit has upheld various prefiling restrictions trial courts have imposed on vexatious litigators. *See, e.g.*, *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995).

Given that this is the *eighth* lawsuit Plaintiff has filed against Defendant Longwell and the eighth recommended dismissal, it is **RECOMMENDED** that the Court **GRANT IN PART**

Defendants' Motion for Sanctions by deeming Plaintiff a vexatious litigator and enjoining him from filing any new actions without either (a) submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to the actual filing of the complaint in the Court's docketing system. It is further **RECOMMENDED** that Plaintiff be required to include the captions and case numbers of all of his prior actions should he file a complaint in this or any other court.

It is **RECOMMENDED**, however, that Defendants' request for an award of attorney's fees be **DENIED**. While there is little doubt that the repetitive litigation filed by Plaintiff has been time consuming, costly, and cumbersome for Defendants, monetary sanctions against an indigent *pro se* litigant is too harsh a result in this case. Additionally, Defendants' Motion for Sanctions does not include any assertion that they complied with Rule 11's safe harbor filing requirements as necessary before sanctions may issue under Rule 11.

### III.  DISPOSITION

For the reasons above, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. It is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim on which relief can be granted and for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2). As a result, it is further **RECOMMENDED** that Defendants' Motion to Dismiss (ECF No. 3) and Plaintiff's Motion for Protective Order (ECF No. 2) be **DENIED AS MOOT**. It is further **RECOMMENDED** that Defendants' Motion for Sanctions (ECF No. 4) be **GRANTED IN PART and DENIED IN PART** as outlined above.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE