UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Greg Givens,

    Plaintiff,

    v.

John D. Longwell, *et al.*,

    Defendants.

Case No. 2:25-cv-593

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

The Magistrate Judge performed an initial screen of the Complaint in this case pursuant to 28 U.S.C. § 1915(e) and issued a Report and Recommendation ("R&R"). R&R, ECF No. 6. Greg Givens ("Plaintiff") objects to the recommendation contained therein. Obj., ECF No. 7. For the following reasons, the Court **OVERRULES** Plaintiff's objections.

## I. FACTS

The Complaint is difficult to understand, but Plaintiff certainly contends that the property located at 3735 Highland Avenue, Shadyside, Ohio 43947 ("the Property") is associated with President George Washington and should therefore be considered a national historical site and entitled to certain protections. *E.g.* Compl. ¶¶ 1, 15–18, ECF No. 5. He also contends that Defendants John D. Longwell ("Longwell"), Bradley A. Powell (Longwell's attorney), and several John Does (collectively, "Defendants") "committed fraud and deception and subsequent swindle" upon the Property. *Id.* ¶ 1. He asserts that Defendants

engaged in a pattern of mail fraud to intimidate Plaintiff, interfere with his travel, obstruct his religious freedom, and impede the collection of his inheritance. *See generally id.* Plaintiff asserts that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 54 U.S.C. § 300101, and the False Claims Act, along with committing mail fraud, civil fraud, and larceny. *See generally id.*

Plaintiff also moves for a protective order, asking the Court to require Defendants to protect and preserve the Property and retain all evidence contained therein, as it is purportedly relevant to an unspecified criminal investigation. Mot. Protective Order, ECF No. 2.

## II. PROCEDURAL HISTORY

Defendants move to dismiss and for Rule 11 sanctions. Mot. Dismiss, ECF No. 3; Mot. Sanctions, ECF No. 4. They note that the Belmont County Common Pleas Court has declared Plaintiff a vexatious litigator, and the declaration was affirmed on appeal. Mot. Dismiss 3 n.3, ECF No. 3 (citing *Shadyside v. Givens*, 2024-Ohio-1299 (Ohio Ct. App. 2024)).

The R&R recommends dismissing the Complaint for lack of subject-matter jurisdiction and failure to state a claim. R&R 1, ECF No. 6. It further recommends denying as moot Defendants' motion to dismiss and Plaintiff's motion for a protective order. *Id.* Finally, it recommends granting in part and denying in part Defendants' motion for sanctions. *Id.* at 2.

Specifically, the R&R concludes that, because the sale of the Property to Longwell was confirmed by a state court, Plaintiff's attempt to vitiate the sale would be barred by the *Rooker-Feldman* doctrine. *Id.* at 5. Alternatively, it concludes that the Complaint's allegations are conclusory, are self-defeating, or do not give rise to a private cause of action. *Id.* at 5–6. Any state-law claim, the R&R acknowledges, should be dismissed given the lack of complete diversity between the parties and the Court's dismissal of the federal-question claims. *Id.* at 7.

Regarding sanctions, the R&R states that Plaintiff has sued Longwell over the Property twice in this Court and six times in the Belmont County Court of Common Pleas. *Id.* at 8. Each such lawsuit was dismissed, the R&R notes, and, as stated by Defendants, the Belmont County Court of Common Pleas designated (and the Seventh District Court of Appeals affirmed) Plaintiff as a vexatious litigator. *Id.* Because this is the eighth meritless action filed against Longwell over the Property, the R&R recommends deeming Plaintiff a vexatious litigator and imposing filing restrictions. *Id.* at 8–9. It recommends denying Defendants' request for attorneys' fees, however, due to the harsh nature of that sanction and Defendants' failure to allege compliance with Rule 11's safe harbor provision. *Id.* at 9.

Plaintiff timely objected. Obj., ECF No. 7. He also moved for leave to amend his complaint, to strike Defendants' filings, to "issue fully-detailed racketeering report," and for an order finding Defendants in contempt and

imposing sanctions. Mots., ECF Nos. 7–11. The Court denied those motions and Defendants' request for monetary sanctions. ECF No. 12. Thus, at issue is: (1) Plaintiff's objections to the R&R; (2) Plaintiff's motion for a protective order; (3) Defendants' motion to dismiss; and (4) Defendants' motion to sanction Plaintiff by labeling him a vexatious litigator and imposing filing requirements.

### III.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected. Fed. R. Civ. P. 72(b).

### IV.   ANALYSIS

Plaintiff argues that his claims are not barred by the *Rooker-Feldman* doctrine because he complains not about the state-court tax foreclosure sale of the Property but about Defendants' third-party actions. Obj. 4–6, ECF No. 7. He further argues that his allegations are specific enough to avoid dismissal under *Iqbal* and *Twombly* and that he intends to submit a full "Racketeering Report." *Id.*; *id.* at 9–10, 13.

Plaintiff also objects to the recommendation that the Court declare him a vexatious litigator, arguing that the Complaint was based on a good-faith belief, supported by various newspaper articles and FBI reports. Obj. 2–3, 6–7, 11–12, No. 7. He argues that he follows all Court orders and harbors no intent to harass, such that he should be distinguished from plaintiffs that courts have declared to be vexatious. *Id.* at 3, 7–8. Plaintiff argues that he was not provided

adequate notice or opportunity to be heard on the sanctions motion, and he mentions his First Amendment right to access the courts. *Id.* at 3, 7, 12–13. In closing, Plaintiff seeks permission to amend his Complaint in the event the Court finds it insufficient to survive an initial screen. *Id.* at 11.

Having fully considered Plaintiff's objections, the Court **OVERRULES** the same and **ADOPTS** the R&R. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this Court "shall" dismiss the Complaint if it "fails to state a claim on which relief may be granted[.]" *Iqbal* and *Twombly* require a complaint to *plausibly* allege a violation of law, or it will be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be sure, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). It must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Despite its length, Plaintiff's Complaint lacks any *factual* allegations that, assumed true, would state a federal claim.[1] *See generally* Compl., ECF No. 5. Plaintiff's objection that the Complaint "assert[s] that Defendants engaged in fraudulent conduct and conspiracy to deprive Plaintiff of property and assets,"

---

[1] The Court agrees that at least some of Plaintiff's claims would not be barred by *Rooker-Feldman* and therefore bases its dismissal on failure to state a claim under Rule 12(b)(6) rather than lack of subject-matter jurisdiction.

Obj. 14, ECF No. 7, is true, but those allegations are the mere "labels and conclusions" or "formulaic recitation of the elements of a cause of action," that *Twombly* prohibits. For example, the Complaint alleges:

- Defendant(s) John Longwell, Bradley Powell, and Unnamed Contractors of John Longwell, et al., have committed fraud and deception and subsequent swindle on the estate of Mary M. Givens . . . . Compl., ECF No. 5 at PAGEID # 246.

- The Defendant(s) Longwell, Powell, Contractor(s) conspired to deprive the plaintiff of federally protected rights, including but not limited to . . . . *Id.* at PAGEID # 247.

- **Dates and Participants:** Within the past two years Defendant(s) . . . were involved in deception and fraud upon the government . . . . and by way of conspiracy via Defendant Powell mislead the federal and county government and authorities concerning the estate and property surrounding which Contractors of John Longwell were involved. *Id.* at PAGEID # 248.

- The Defendant(s) Longwell, Powell, Contractor(s) operated as an enterprise with a structured plan to deprive the plaintiff of rights. *Id.*

- Defendant(s) . . . having made whole, complete and in-part statements/affidavits . . . falsely swearing to false statements/affidavits and affirming false 'facts' that are grossly and patently untrue concerning the acquisition of real properties by right and inheritance to the Plaintiff. *Id.* at PAGEID # 249.

- As part of this scheme, Defendant(s) . . . knowingly caused misleading contracts, deceptive and false statements to be sent via the United States Postal Service . . . . *Id.* at PAGEID ## 249–50.

- Defendant(s) . . . concealed material facts regarding the modification and sale of protected historic properties and artifacts thereby violating federal preservation mandates. *Id.* at PAGEID # 251.

- Defendant(s) . . . intentionally misrepresented the historical designation of 3735 HIGHLAND AVENUE . . . inducing reliance by Plaintiff and other parties. *Id.*

- Defendant(s) . . . engaged in fraudulent practices, including misrepresenting services, or falsifying government records during the periods of this Complaint. *Id.* at PAGEID # 254.

Indeed, the only factual allegations contained in the Complaint are that the Property was "owned, occupied, or otherwise utilized by George Washington," that Plaintiff is a descendant of George Washington, and that Defendants removed from the property $2,700,000 worth of unspecified items belonging to Plaintiff and the Givens family. *Id.* at PAGEID ## 246, 252, 253. But these allegations, taken as true, do not state any federal cause of action.

Thus, all of Plaintiff's federal claims are **DISMISSED** for failure to state a claim, and the Court **DECLINES** to exercise supplemental jurisdiction over any state-law claim for civil theft or conversion (the closest civil analog to his larceny claim). Having dismissed Plaintiff's Complaint, the Court **DISMSISSES AS MOOT** Defendants' motion to dismiss, ECF No. 3, and Plaintiff's motion for a protective order, ECF No. 2.

Finally, the Court **DECLARES** Plaintiff a vexatious litigator.

Federal courts may take steps necessary to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others. Furthermore, the Sixth Circuit has upheld prefiling restrictions against vexatious litigators.

*Clemons v. Kasich*, No. 2:18-CV-1217, 2018 WL 6499516, at *3 (S.D. Ohio Dec. 11, 2018), *aff'd sub nom. Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197 (6th Cir. May 1, 2019).

Here, Plaintiff's actions in both federal and state court demonstrate a history of meritless and harassing filings.

Plaintiff has filed no fewer than four cases in this Court that were dismissed for deficient pleadings. *See* Case Nos. 2:09-cv-800, 2:22-cv-3221, 2:22-cv-4268, 2:25-cv-593. A fifth case, Case No. 2:19-cv-617, resulted in only one claim proceeding past the pleadings stage, and it was dismissed at summary judgment. Plaintiff also improperly removed to this Court two state-court vexatious litigator lawsuits, which this Court promptly remanded. *See* Case Nos. 2:22-cv-4454, 2:23-cv-196. The summary dismissal of those seven lawsuits demonstrates Plaintiff's pattern of filing meritless actions in this Court.

Similarly, in affirming Plaintiff's state-court vexatious litigator designation, the Ohio Court of Appeals for the Seventh District noted that—as of April 3, 2024—Plaintiff had been involved in approximately 56 prior claims and lawsuits. *Shadyside*, 2024-Ohio-1299, at *1.

Moreover, Plaintiff has established a pattern of filing meritless lawsuits specifically regarding the Property. Plaintiff has filed at least *eight* lawsuits between state and federal court having to do with the Property—all of which were dismissed. *See* Case Nos. 2:22-cv-3221 (S.D. Ohio); 2:25-cv-593 (S.D. Ohio); *Givens v. Longwell*, 2023-Ohio-3330 (Ohio Ct. App. Sept. 15, 2023) (dismissing

appeal of three state-court cases related to the property); *Givens v. Longwell*, 2023-Ohio-3379 (Ohio Ct. App. Sept. 20, 2023) (affirming dismissal of same three cases, after they were re-filed with different case numbers). Plaintiff's continual attempts to collaterally attack the tax foreclosure sale and harass the Property's buyer (Longwell) is evident.

These lawsuits not only harass Defendants but also impede the Court's ability to fulfill its Article III duties and encroach upon judicial resources genuinely needed by others. Declaration of Plaintiff as a vexatious litigator is therefore appropriate.

## V.  CONCLUSION

For the above reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, **DISMISSES** Plaintiff's Complaint, **DISMISSES AS MOOT** Defendants' motion to dismiss and Plaintiff's motion for a protective order, **DECLARES** Plaintiff a vexatious litigator, and **IMPOSES** the following filing restrictions on Plaintiff:

- Plaintiff is **PROHIBITED** from filing any further lawsuits in this Court (with or without prepayment of the filing fee) without first (1) obtaining a certification from an attorney who is licensed to practice in this Court or the State of Ohio stating that there is a good-faith basis for the claims Plaintiff seeks to assert, and (2) tendering that certification with the Complaint.

- In the event Plaintiff files any new action in a state court that is subsequently removed to federal court, Plaintiff must comply with the restriction above and submit a certification in the removed case stating that he has complied with the restriction within 30 days following removal.

- For any case in which Plaintiff satisfies the restriction, he is **DIRECTED** to include the captions and case numbers of all of his prior actions (in any federal or state court) with the to-be-filed Complaint. He shall also specifically state whether the subject-matter of the to-be-filed Complaint was the subject matter of any of those prior lawsuits.

The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that any appeal of this Opinion and Order would not be taken in good faith such that Plaintiff should not be permitted to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**